UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------x
SISTER E. JONES BEY,

                    Plaintiff,

    - against -

YUSEF SIRIUS-EL, Grand Sheik; WALTER
CLENDENIN-BEY, Assistant Grand Sheik;
CW HARMONY-BEY, Assistant Secretary; R.
JORDAN EL, Mufti/he has another position;
JAMES PETERS-EL, Member; CANDICE
SEALES-EL, Assistant Chairman; LYNETTE
BERRY-BEY, Former Secretary; TREMEL
BERRY-BEY, SR., Mufti/he has another
position; C. HURT-BEY, Grand Governor of
New York; S. ANDERSON-BEY, Member,

                    Defendants.
-------------------------------------------------------x

**MEMORANDUM & ORDER**
22-CV-4649 (PKC) (RER)

PAMELA K. CHEN, United States District Judge:

Plaintiff brings this *pro se* action invoking this Court's federal question jurisdiction. Plaintiff's request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 is granted solely for the purpose of this Order. For the reasons stated below, the complaint is dismissed for lack of subject matter jurisdiction.[1]

## BACKGROUND

Plaintiff filed suit on August 4, 2022. Plaintiff names as Defendants members or leaders of Temple No. 34 of the Moorish Science Temple of America Inc., located at 237-239 Hancock Street, Brooklyn, New York (the "Temple"), where Plaintiff was formerly an in-person member.

---

[1] Plaintiff has filed two other actions in this court, one of which was dismissed *sua sponte*, *Jones-Bey v. Pierce,* No. 20-CV-3865 (PKC) (Sept. 9, 2020), and the other of which is pending, *Jones-Bey v. Antoine,* 19-CV-1877 (PKC).

1

Plaintiff is now prohibited from attending the Temple in person. She alleges that the Defendants have libeled and slandered her to "justify keeping [her] from attending mandatory public meetings and Moorish American events." (Dkt. 1 at ECF 8.[2]) According to an October 24, 2020 letter from Defendant Brother Y. Sirius-El, which is included in the Complaint, there was an "unfortunate incident in June" 2020 and "the potential that it could occur again because of the existing conflict between [Plaintiff] and a competing love interest who has also been attending since the outburst happened." (*Id.* at ECF 14.)

Plaintiff alleges that, in June 2022, she protested in front of the Temple to express her outrage over her treatment and filed discrimination complaints with New York City and State agencies, alleging that she has been excluded from the Temple on discriminatory bases. (*Id.* at ECF 23–43.) The status of those complaints is unstated. (*Id.*) The Complaint includes documents that indicate that a child or children to whom she is related or with whom she lives has or have been the subject of child abuse or mistreatment investigations by the child protective services. (*Id.* at ECF 17–22, 44–45.) The relevance of these documents is not explained and there is no indication that the investigations are related to Defendants. (*Id.*) Plaintiff seeks damages for the alleged violation of her constitutional rights, injunctive relief, and the filing of criminal charges for libel. (*Id.* at ECF 9.)

## STANDARD OF REVIEW

Plaintiff's complaint is subject to review under 28 U.S.C. § 1915(e)(2)(B). Pursuant to the *in forma pauperis* statute, a district court shall dismiss a case if it determines that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks

---

[2] Citations to "ECF" refer to the pagination generated by the Court's CM/ECF docketing system and not the document's internal pagination.

monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). *Pro se* complaints are held to less stringent standards than pleadings drafted by attorneys, and the Court is required to read a plaintiff's *pro se* complaint liberally and interpret it as raising the strongest arguments it suggests. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). However, the complaint must plead sufficient facts "to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

Moreover, a plaintiff seeking to bring a lawsuit in federal court must establish that the court has subject matter jurisdiction over the action. If the Court "determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). Federal subject matter jurisdiction is available only when a "federal question" is presented, 28 U.S.C. § 1331, or when plaintiffs and defendants have complete diversity and the amount in controversy exceeds $75, 000, 28 U.S.C. § 1332. Federal question jurisdiction may properly BE invoked only if the plaintiff's complaint "plead[s] a cause of action created by federal law" or "turn[s] on substantial questions of federal law." *New York ex rel. Jacobson v. Wells Fargo Nat'l Bank, N.A.* 824 F.3d 308, 315 (2d Cir. 2016) (quoting *Grable& Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 312 (2005)).

## DISCUSSION

"A plaintiff properly invokes [federal question] jurisdiction when he pleads a colorable claim 'arising under' the Constitution or laws of the United States." *Ynoa v. Google, Inc.*, No. 14-CV-15 (PKC) (JO), 2014 WL 1237304, at *2 (E.D.N.Y. Mar. 24, 2014). Here, Plaintiff claims federal question jurisdiction by citing to the First and Fourth Amendments. (Dkt. 1 at ECF 8.) The First Amendment, which is applied against the States by incorporation into the Fourteenth Amendment, *see Walz v. Tax Comm'n of City of N.Y.*, 397 U.S. 664, 702 (1970), provides that

3

"Congress shall make no law respecting an establishment of religion, or prohibiting the free exercise thereof," U.S. Const. amend. I.

Though not entirely clear from the face of her Complaint, Plaintiff appears to invoke the Free Exercise Clause because Defendants are allegedly suppressing her ability to practice her religion by excluding her from Temple No. 34 in Brooklyn. "[T]he Free Exercise Clause," however, "appl[ies] only to *state* action." *Lown v. Salvation Army, Inc.*, 393 F. Supp. 2d 223, 241 (S.D.N.Y. 2005) (emphasis added) (citing *United States v. Morrison*, 529 U.S. 598, 621 (2000)); *see also Genas v. State of N.Y. Dep't of Corr. Servs.*, 75 F.3d 825, 831 (2d Cir. 1996) ("To prevail on h[er] Free Exercise claim, [plaintiff] must first show that a state action sufficiently burdened h[er] exercise of religion"). "[T]o hold [a] private entity [] liable pursuant to th[is] constitutional provision[], plaintiffs must allege facts suggesting that the [defendant] was engaged in state action." *Lown*, 393 F. Supp. 2d at 241. Plaintiff has not alleged any facts to suggest that Defendants in this case were acting on behalf of the state or in any capacity other than as private citizens, and thus has not shown a constitutional violation.

Plaintiff's invocation of the Fourth Amendment is even less availing. The Fourth Amendment requires the government to respect "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures." U.S. Const. amend. IV. Though unclear from her Complaint, Plaintiff appears to invoke the Fourth Amendment because Defendants have criticized the way in which she has chosen to raise the children in her care. This is neither a search nor a seizure. She may also be suggesting, without stating, that the Defendants are the source of anonymous complaints to child protective services. (*See e.g.* Dkt. 1 at ECF 24 (suggesting in her complaint to the New York City Division of Human Rights that the letter that she received from child protective services was "in retaliation against me

4

for protesting in front of the temple").)  Regardless, the Fourth Amendment, like the First Amendment, only protects against government action, not the action of private parties. *United States v. DiTomasso*, 932 F.3d 58, 67 (2d Cir. 2019) ("Fourth Amendment principles governing searches and seizures apply only to 'governmental action' and are thus 'wholly inapplicable to a search or seizure, even an unreasonable one, effected by a private individual not acting as an agent of the Government or with the participation or knowledge of any governmental official.'" (quoting *United States v. Jacobsen*, 466 U.S. 109, 113 (1984))).  Plaintiff has not alleged any facts to suggest that Defendants in this case were acting on behalf of the state or in any capacity other than as private citizens, and thus has not shown a Fourth Amendment violation.

To the extent that she seeks to file a claim of "discrimination," there is no general federal cause of action for discrimination and the Complaint does not allege any facts suggesting the existence of a discrimination claim under any particular federal statute, such as Title VII, Title IX, or the Fair Housing Act, that would provide a basis for subject matter jurisdiction.  As for her references to libel and slander, those are state, not federal, claims.  Plaintiff's Complaint thus wholly lacks any cause of action created by federal law, and therefore must be dismissed for lack of subject matter jurisdiction.

Moreover, even if the Court were to find that subject matter jurisdiction existed in this case based on Plaintiff's facial invocation of the First and Fourth Amendments, Plaintiff's Complaint would nonetheless be subject to dismissal for failure to state a claim.  As discussed above, by failing to allege state action, Plaintiff has failed to state a claim for a violation of the First or Fourth Amendments.

Finally, to the extent Plaintiff seeks criminal prosecution of Defendants, that claim must also fail, because that is not relief that this Court can provide.  Criminal prosecution is the purview

of prosecuting authorities who have unreviewable discretion over the decision to prosecute. *Leeke v. Timmerman*, 454 U.S. 83, 85–86 (1981) ("[A] private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another." (quoting *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973))); *Wayte v. United States*, 470 U.S. 598, 607 (1985) ("In our criminal justice system, the Government retains broad discretion as to whom to prosecute. . . . This broad discretion rests largely on the recognition that the decision to prosecute is particularly ill-suited to judicial review." (internal quotation marks and citations omitted)).

Since the Court is without subject matter jurisdiction, it may not consider Plaintiff's motion "to compel [Defendants] to cease and desist their current behaviors towards me and [issue] an order of protection." (Dkt. 3.) The Clerk of Court is respectfully requested to enter judgment and close this case.

## LEAVE TO AMEND

The Court would ordinarily allow Plaintiff an opportunity to amend her complaint, *see Cruz v. Gomez,* 202 F.3d 593, 597-98 (2d Cir. 2000)*,* but it need not do so here, where it is clear from Plaintiff's submission that any attempt to amend the complaint would be futile, *see Ashmore v. Prus*, 510 Fed. App'x 47, 49 (2d Cir. 2013) (summary order) (noting that leave to amend is futile where barriers to relief cannot be surmounted by reframing the complaint); *see also Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (denying leave to amend a *pro se* complaint where amendment would be futile).

## CONCLUSION

For the reasons explained above, Plaintiff's motion to proceed *in forma pauperis* is granted solely for the purpose of this Order and Plaintiff's Complaint is dismissed without leave to amend for lack of subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3). The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma*

*pauperis* status is denied for the purpose of any appeal. *Coppedge v. United States*, 369 U.S. 438, 444–45 (1962). The Clerk of Court is respectfully directed to enter judgment accordingly and close this case.

SO ORDERED.

*/s/ Pamela K. Chen*
Pamela K. Chen
United States District Judge

Dated: August 19, 2022
Brooklyn, New York